RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 / 10 / 12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CORAY OWENS,<br>   Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:11-CV-00433 |
| VERSUS | |
| WARDEN SHERROD, et al.,<br>   Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

  Before the court are cross-motions for summary judgment and a motion to dismiss filed in an action initiated by Coray Owens ("Owens"). Owens filed his complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, on March 17, 2011 (Doc. 1), and amended on August 29, 2011 (Doc. 9) and October 20, 2011 (Doc. 14). The sole defendant is the United States of America.[1]

  Owens contends that, while he was incarcerated in the United Stated Penitentiary in Pollock, Louisiana ("USP-Pollock") on April 25, 2010, he slipped and fell in the shower, resulting in a double fracture to his jaw and injury to his lower back. Owens contends there had been numerous complaints concerning the slipperiness of the shower stalls in the C-2 housing unit and requests for non-slip

---

  [1] Although Warden Sherrod was named as a defendant in the original complaint, he was removed as a defendant in the amended complaints (Docs. 9, 14).

mats, that the warden was aware of the problem, and that nothing was done to correct it. For relief, Owens asks for monetary damages, costs, and equitable relief. Owens shows that he exhausted his administrative remedies prior to filing this suit (Doc. 14).

The USA answered the complaint, and raised the defense of sovereign immunity (Doc. 19). Owens filed a motion for summary judgment (titled "formal complaint") with exhibits (Doc. 22), which the USA opposed (Doc. 26). The USA then filed a cross-motion to dismiss or for summary judgment with documentary exhibits (Doc. 25), which Owens opposed (Doc. 28).

The parties' motions are now before the court for disposition.

## Law and Analysis

### Sovereign Immunity

The USA filed a motion to dismiss Owens' complaint pursuant to Fed.R.Civ.P. rule 12(b)(1), alleging it is entitled to sovereign immunity against Owens' claim pursuant to the discretionary function exception to liability set forth in 28 U.S.C. § 2680(a). The USA argues that the shower stalls at USP-Pollock are tiled with non-slip surfaces and that the prison officials' decision not to provide non-slip mats was a discretionary function.

As the sovereign, the United States is immune from suit unless and only to the extent that it has consented to be sued. Truman v. U.S., 26 F.3d 592, 594 (5th Cir. 1994). Through the enactment of

the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts of omissions of its agents who act within the scope of their employment.  Specifically, the FTCA allows the government to be held liable in tort for any negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C. § 1346(b).

There are, however, exceptions to the waiver of sovereign immunity in the FTCA.  See 28 U.S.C. § 2680(a)-(n).  The exceptions to the FTCA's waiver of sovereign immunity that appear in Section 2680 limit the federal court's jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government.  To determine whether a claim is one arising out of any of these enumerated torts, the court focuses on the conduct upon which the plaintiff's claim is based.  If the conduct upon which a claim is based constitutes a claim arising out of any one of the torts listed in Section 2680(h), then the federal courts have no jurisdiction to hear that claim.  Truman, 26 F.3d at 594, and cases cited therein.

The USA argues that the decision as to whether to add non-slip mats to the shower stalls was a discretionary function of the

3

prison officials and, therefore, the USA is immune from Owens' suit. Section 2680(a) states: "The provisions of this chapter and section 1346(b) of this title shall not apply to--(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, *or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.*"

Courts use a two-step test to determine the applicability of the discretionary function exception. Spotts v. U.S., 613 F.3d 559, 567 (5th Cir. 2010), citing United States v. Gaubert, 499 U.S. 315, 322-23, 111 S.Ct. 1267 (1991). First, the conduct must be a matter of choice for the acting employee. Spotts, 613 F.3d at 567-68, citing Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954 (1988). A government employee cannot satisfy this prong if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. Spotts, 613 F.3d at 567, citing Berkovitz, 486 U.S. at 536. If a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary. Spotts, 613 F.3d at 568, citing

Gaubert, 499 U.S. at 329.

Under the second prong of the test, even assuming the challenged conduct involves an element of judgment, and does not violate a nondiscretionary duty, the court must still decide whether the judgment is of the kind that the discretionary function exception was designed to shield. Spotts, 613 F.3d at 568, citing Gaubert, 499 U.S. at 322-323. Congress designed the discretionary function exception to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of a tort action. Spotts, 613 F.3d at 568, citing Gaubert, 499 U.S. at 322. If a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations. Spotts, 613 F.3d at 568, citing Gaubert, 499 U.S. at 324, 111 S.Ct. at 1267.

As the USA points out, there is no statutory or regulatory requirement that the shower stalls be provided with non-slip mats. Pursuant to 18 U.S.C. 4042(a), the BOP must provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States. The language of that statute accords a wide range of discretion to prison officials. The Supreme Court stated in

Bell v. Wolfish that the problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861 (1979).

The USA submitted an affidavit by Charles Davis, the current facility manager at USP-Pollock. Davis states in his affidavit that each shower stall has two areas, the shower area and the attached but separate drying area, the shower stalls were constructed in 1998 with unglazed, slip-resistant porcelain tiles, and there is a drain in each shower and drying area to prevent water from standing (Doc. 25, Ex. A). Davis further states in his affidavit that, in about 2000, the BOP placed rubber mats on the concrete floor outside of the shower stalls to prevent any slipping caused by water tracked outside of the shower stall onto the concrete floor, but that inmates used the mats for improper purposes such as cutting them up and taking them to their cells, so the mats were not replaced (Doc. 25, Ex. A). Defendant also submitted the BOP technical design guidelines, which stipulates that tiles must comply with ANSI[2] standards and that shower floors must be tiled with unglazed, slip-resistant porcelain tile (Doc.

---

[2] American National Standards Institute.

6

25, Ex. A).

Owens argues that, since the BOP recognized the need to slip-resistant mats in 2000 and placed them outside the shower stalls at that time, they BOP was negligent in removing them or not replacing them.

The BOP building standards do not appear to require slip-resistant mats, in addition to the slip-resistant tiles, in the shower stalls and Owens has cited no authority which indicates otherwise. Therefore, the decision to not place slip-resistant mats in the shower stalls was discretionary, which satisfies the first prong of the discretionary-function test.

Moreover, the warden's decision to not put slip-resistant mats in the shower stalls related to the previous decision not to replace the slip-resistant mats previously placed on the concrete floor outside of the shower stalls, due to inmates' misuse of the mats. Clearly, the warden decided not to afford inmates a second opportunity to misuse the mats, as well as deciding that adding slip-resistant mats to the slip-resistant tiles in the shower stalls was unnecessary. This apparently economic and policy-driven consideration indicates that the warden's decision, to not install mats in the shower stalls, is the type of decision the discretionary function exception was designed to shield. Therefore, defendants have satisfied the second prong of the discretionary function exemption analysis.

Accordingly, the USA is entitled to sovereign immunity from Owens' claims pursuant to the discretionary function exception to liability. Compare Preston v. U.S., 2010 wl 2975631 (N.D.Ga. 2010)(decision whether to provide ladders for prison bunk beds was discretionary since ladders not required by any regulation, and based on policy considerations, so discretionary function exemption from liability applied); Paulino-Duarte v. USA, 2003 wl 22533401 (S.D.N.Y. 2003) (decision as to whether to put guardrails on bunk beds is clearly discretionary since no federal regulation mandated use of rails on bunk beds, and decision was based on policy considerations, so the discretionary function exemption applied).

Since the USA is entitled to sovereign immunity from Owens' tort claims, the USA's motion to dismiss should be granted and Owens' action should be dismissed for lack of subject matter jurisdiction.

The motions for summary judgment filed by both the USA and Owens should be denied as moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion to dismiss (Doc. 25) be GRANTED and that Owens' action be DENIED AND DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that both defendant's motion for summary judgment (Doc. 25) and Owens' motion for summary judgment

(Doc. 22) be DENIED AND DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 10th day of September 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE